IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYDIA O. MANLANGIT; OSCAR T. MANLANGIT,

      Plaintiffs,

vs.

NATIONAL CITY MORTGAGE, a division of NATIONAL CITY BANK, CAL-WESTERN RECONVEYANCE CORPORATION, and DOES 1-250 inclusive,

      Defendants.

No. CIV S-11-1618 WBS EFB PS

ORDER TO SHOW CAUSE

    This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 21, 2011, defendant PNC Bank, National Association, as successor by merger to National City Bank, previously doing business as National City Mortgage (erroneously sued herein as "National City Mortgage, a division of National City Bank") ("PNC") filed motions to dismiss and to strike plaintiff's complaint and noticed the motions to be heard on August 10, 2011. Dckt. Nos. 10, 12.

    Court records reflect that plaintiffs have not filed either an opposition or a statement of non-opposition to either of PNC's motions. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving

party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by July 27, 2011. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on PNC's motions to dismiss and to strike, Dckt. Nos. 10 and 12, is continued to September 14, 2011.

2. Plaintiffs shall show cause, in writing, no later than August 31, 2011, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3. Plaintiffs shall file an opposition to each of the motions, or a statement of non-opposition thereto, no later than August 31, 2011.

4. Failure of plaintiffs to file oppositions will be deemed a statement of non-opposition to the pending motions, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

////

1     5. PNC may file a reply to plaintiffs' opposition, if any, on or before September 7, 2011.

2     6. The status conference currently scheduled for October 26, 2011, is rescheduled for
3 December 21, 2011 at 10:00 a.m. in Courtroom No. 24.

4     7. On or before December 7, 2011, the parties shall file status reports addressing the
5 matters referenced in the court's June 15, 2011 order.

6     SO ORDERED.

7 DATED: August 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3