1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LYDIA O. MANLANGIT; OSCAR
      T. MANLANGIT,
11
                    Plaintiffs,                      No. CIV S-11-1618 JAM EFB PS
12
             vs.
13
      NATIONAL CITY MORTGAGE, a
14    division of NATIONAL CITY BANK,
      CAL-WESTERN RECONVEYANCE
15    CORPORATION, and DOES 1-250
      inclusive,
16
                    Defendants.                      ORDER TO SHOW CAUSE
17
      _____/
18

19           This closed case, in which plaintiffs are proceeding pro se, is before the undersigned

20    pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On

21    February 16, 2012, defendant PNC Bank National Association, as successor by merger to

22    National City Bank, previously doing business as National City Mortgage ("PNC Bank"), filed a

23    motion to expunge a notice of pendency of action that plaintiffs recorded, and noticed the motion

24    to be heard on March 21, 2012.  Dckt. No. 20.  PNC Bank also requests $534.37 in sanctions for

25    having to file the motion.  *Id.* at 6.

26    ////

                                                    1

Court records reflect that plaintiffs have filed neither an opposition nor a statement of non-opposition to the motion.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by March 7, 2012.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing on PNC Bank's motion, Dckt. No. 20, is continued to May 2, 2012.

2.  Plaintiffs shall show cause, in writing, no later than April 11, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3.  Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than April 11, 2012.

4.  Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that the motion and related request for sanctions be granted.

1      5.  PNC Bank may file a reply to plaintiffs' opposition on or before April 25, 2012.

2      SO ORDERED.

3  DATED:  March 13, 2012.

4                            EDMUND F. BRENNAN

5                            UNITED STATES MAGISTRATE JUDGE