IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA O. MANLANGIT; OSCAR T. MANLANGIT,<br><br>             Plaintiffs,<br><br>     vs.<br><br>NATIONAL CITY MORTGAGE, a division of NATIONAL CITY BANK, CAL-WESTERN RECONVEYANCE CORPORATION, and DOES 1-250 inclusive,<br><br>             Defendants.<br>_____/ | No. CIV S-11-1618 JAM EFB PS<br><br><br><br><br><br><br><br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

   This closed case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On February 16, 2012, defendant PNC Bank National Association, as successor by merger to National City Bank, previously doing business as National City Mortgage ("PNC Bank"), filed a motion to expunge a notice of pendency of action that plaintiffs recorded, and noticed the motion to be heard on March 21, 2012. Dckt. No. 20. PNC Bank also requests $534.37 in sanctions for having to file the motion. *Id.* at 6.

   On March 13, 2012, because plaintiffs had not filed an opposition or a statement of non-opposition to the motion, the undersigned continued the hearing on the motion to May 2,

1

2012; ordered plaintiffs to show cause, in writing, no later than April 11, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion; and directed plaintiffs to file either an opposition or a statement of non-opposition, no later than April 11, 2012. Dckt. No. 22 at 2. The order further provided that "[f]ailure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that the motion and related request for sanctions be granted." *Id.*

The deadline has passed and plaintiffs have not filed a response to the order, nor have they filed an opposition or statement of non-opposition to the motion. For that reason alone, the motion should be granted. *See* E.D. Cal. L.R. 110 (providing that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); L.R. 183 (governing persons appearing in pro se and providing that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor). Additionally, the motion should be granted on its merits.

BACKGROUND

On May 19, 2011, plaintiffs filed this action in Sacramento County Superior Court, alleging a variety of claims in connection with the foreclosure of their home in Elk Grove, California.[1] Dckt. No. 1 at 5-41 (Compl.). On May 26, 2011, plaintiffs filed a Notice of Action

---

[1] Plaintiffs also previously filed an action in this court on May 15, 2010. *See Manlangit v. Nat'l City Mortgage,* No. 2:10-cv-1225-WBS-DAD. PNC Bank moved to dismiss the action and plaintiffs filed a statement of non-opposition to the motion. Accordingly, the entire action was

2

Pending (Lis Pendens) in Sacramento County Superior Court. *Id.* at 50-51. The lis pendens was recorded with the Sacramento County Recorder on June 6, 2011 at book 20110606, page 1020. PNC Bank's Req. for Jud. Notice, Ex. 1, Dckt. No. 20 at 7, 10-12.[2]

Then, on June 14, 2011, PNC Bank removed the action to this court, and on June 21, 2011, moved to dismiss and to strike plaintiffs' complaint. Dckt. Nos. 1, 10, 12. On August 1, 2012, because plaintiffs failed to file an opposition or a statement of non-opposition to either of PNC Bank's motions, as required by Local Rule 230(c), the undersigned issued an order directing plaintiffs to show cause why sanctions should not be imposed and directing plaintiffs to file either an opposition or a statement of non-opposition to each of the motions. Dckt. No. 17. Rather than filing a response to the order to show cause or an opposition or statement of non-opposition to the motions, on August 30, 2011, plaintiffs voluntarily dismissed the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I). Dckt. No. 19. Accordingly, the case was closed.

Then, on February 16, 2012, PNC Bank filed the present motion to expunge. Dckt. No. 20. PNC Bank contends that after plaintiffs voluntarily dismissed this action, PNC Bank's counsel wrote to plaintiffs and requested that they voluntarily withdraw the lis pendens in light of the dismissal of the action. Paese Decl. ¶ 8, Dckt. No. 20 at 7. According to PNC Bank's counsel, a representative of the Law Office of Clifford B. Scherer (the entity which requested the lis pendens be recorded) responded that plaintiffs would voluntarily withdraw the lis pendens right away. *Id.* ¶ 9. However, despite numerous follow-ups, the lis pendens has not been withdrawn and PNC Bank's counsel has not received any further response from plaintiffs or from the Law Office of Clifford B. Scherer regarding the withdrawal. *Id.* ¶ 10. PNC Bank argues that the lis pendens should be expunged because plaintiffs cannot establish, by a

---

dismissed on September 27, 2010.

[2] PNC Bank's request for judicial notice of the lis pendens is granted. Judicial notice may be taken of matters of public record. *See* Fed. R. Evid. 201(b).

3

preponderance of the evidence, the probable validity of their real property claims. Dckt. No. 20 at 4. Additionally, PNC Bank requests $534.37 in attorney's fees for researching, drafting, and preparing the motion to expunge and related documents, based on 2.5 hours at a rate of $213.75 per hour.[3] *Id.* at 5-6; Paese Decl. ¶ 11.

## EXPUNGEMENT OF LIS PENDENS

Federal courts look to the law of the state where the property resides in matters concerning lis pendens. *See* 28 U.S.C. § 1964. California law provides that "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20; *Fed. Deposit Ins. Corp. v. Charlton*, 17 Cal. App. 4th 1066, 1069 (1993) ("A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice."). In opposition to a motion to expunge, the party who recorded the notice of lis pendens has the burden of proof. *Id.* § 405.30. In order to carry the burden, the recording party must demonstrate that "the pleading on which the notice is based does . . . contain a real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim." *Id.* §§ 405.31, 405.32; *see also Malcolm v. Super. Ct.*, 29 Cal. 3d 518, 525-26 (1981). A real property claim is defined as a claim in a pleading "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property." Cal. Civ. Proc. Code § 405.4. Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* § 405.3.

////

---

[3] Although PNC Bank "reserves the right to serve notice of additional fees and expenses incurred with respect [to] this motion at the time of the filing the reply brief and/or at the time of hearing," Paese Decl. ¶ 12, because the hearing on the motion is vacated and this order will issue before the time a reply brief is due, PNC Bank should not have incurred any additional fees or expenses.

4

Plaintiffs, through counsel at the time, recorded a lis pendens on June 6, 2011, on the property at issue in this action. As noted above, plaintiffs have filed no opposition to PNC Bank's motion to expunge that lis pendens, even after being provided a second opportunity to do so. Additionally, even if plaintiffs had filed an opposition to the motion, because plaintiffs voluntarily dismissed this action in August 2011, plaintiffs would be unable to meet their burden of establishing by a preponderance of the evidence the probable validity of their claims. Therefore, PNC Bank's motion to expunge the lis pendens should be granted.

ATTORNEY'S FEES

PNC Bank requests $534.37 in attorney's fees for researching, drafting, and preparing the motion to expunge and related documents, based on 2.5 hours at a rate of $213.75 per hour. Dckt. No. 20 at 5-6; Paese Decl. ¶ 11. PNC Bank argues that plaintiffs "cannot establish any justification for maintaining the lis pendens, especially since they dismissed the complaint on August 31, 2011." *Id.* at 6.

California Code of Civil Procedure section 405.38 authorizes an award of attorney's fees to a prevailing party on a motion to expunge a lis pendens. *See* Cal. Civ. Proc. Code § 405.38. Specifically, section 405.38 provides: "[t]he court shall direct that the party prevailing on [a motion to expunge lis pendens] be awarded reasonable attorneys' fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorneys' fees and costs unjust." *Id.*

Here, plaintiffs raised no opposition to the request for attorney's fees, nor did they have substantial justification for maintaining the lis pendens after they voluntarily dismissed this action last August. Additionally, although plaintiffs are pro se, they did not file any opposition to the motion for attorney's fees. Therefore, the court cannot say that other circumstances make the imposition of attorney's fees and costs unjust. *See Unlu v. Wells Fargo Bank N.A.,* 2011 WL 6141036, at *9 (N.D. Cal. Dec. 9, 2011); *Rodriguez v. Wells Fargo Bank, N.A.*, 2011 WL 6304152, at *5 (N.D. Cal. Dec. 16, 2011); *but see Edwards v. Aurora Loan Services*, LLC, 2011

WL 1668926, at *20 (E.D. Cal. May 2, 2011) ("Plaintiff has faced economic difficulties involving the foreclosure of her real property, and defendant has not convincingly demonstrated that plaintiff acted without substantial justification in this litigation or in recording the lis pendens."). Accordingly, PNC Bank's request for fees should be granted.

The amount of fees requested by PNC is reasonable. The hourly rate ($213.75 per hour) is a very reasonable rate for this district. Additionally, the time spent researching, drafting, and preparing the motion to expunge and related documents (2.5 hours) were reasonably necessary. Therefore, the undersigned recommends that PNC Bank be awarded $534.37 in attorney's fees.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the May 2, 2012 hearing on PNC Bank's motion to expunge is vacated.

IT IS FURTHER RECOMMENDED that:

1. PNC Bank's motion to expunge, Dckt. No. 20, be granted;

2. The lis pendens plaintiffs recorded with the Sacramento County Recorder on June 6, 2011 at book 20110606, page 1020, be expunged;

3. PNC Bank's request for attorneys' fees pursuant to California Code of Civil Procedure § 405.38 be granted; and

4. Plaintiffs be ordered to pay PNC Bank $534.37 in attorney's fees within thirty days from the date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE